IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

ANZ ADVANCED TECHNOLOGIES, LLC )
d/b/a ANZ USA, LLC, et al., )
)
     Plaintiffs, )
)
v. ) CIVIL ACTION NO. 09-00228-KD-N
)
BUSH HOG, LLC, et al., )
)
     Defendant. )

ORDER

This action came before the undersigned Magistrate Judge on August 20, 2010, for

a hearing on three matters:

- A motion (doc. 119) filed by the plaintiffs, ANZ International and ANZ USA (collectively "ANZ"), for "guidance" regarding the Court's Order dated May 4, 2010 (doc. 113).

- A motion (doc. 122) filed by the defendants, Bush Hog, LLC and Henry Crown and Company (collectively "Bush Hog") , for the issuance of a "Rule to Show Cause Why this Case Should Not be Dismissed."

- Bush Hog's unopposed joint motion (doc. 137) to vacate all impending deadlines in the September 29, 2009 Scheduling Order (doc. 58-2).

- Bush Hog's motion (doc. 153) for a limited protective order precluding ANZ from taking certain depositions until further order of the Court.

The undersigned has carefully considered the arguments of counsel at the hearing, all of

the briefs and evidence proffered by the parties on the issues (docs. 122-124, 140, 144,

148, 149), and all other pertinent portions of this record, and concludes as follows.

1

## I. ANZ's Motion for Guidance (doc. 119).

ANZ concedes that the motion for guidance is in fact a motion to modify the

Court's Order of May 4, 2010 (doc. 140 at 1). ANZ specifically seeks to have this Court

vacate the directive to "produce for forensic analysis and ESI production any hard drive

or other data storage devices used by, and in the possession, custody, or control of, Irfan

Sheriff and Rakesh Vashee" (doc. 113) and, in lieu thereof, substitute a requirement that

ANZ merely "provide forensic images of the various electronic devices referred thereto

in that Order" (doc. 119 at 4-5)[1]. ANZ contends that it cannot comply with the Court's

Order of May 4, 2010, because "there are criminal proceedings pending against Bush

Hog, [Henry Crown & Company], and certain of their officers, as well as criminal

proceedings against ANZ and certain of its executives in the Republic of India" and "the

Indian authorities" have denied the permission sought by ANZ (doc. 119 at 3-4). The

evidence of record fails, however, to substantiate ANZ's position.

The first letter purporting to ask for permission to comply with this Court's Order,

and now relied on by ANZ, makes reference to "Our Case No. CC 5133/2010 pending

before your Hon'ble Court" (doc. 139-17). However, none of the myriad of documents

ANZ has submitted makes any reference to a case bearing that number, either civil or

---

[1] ANZ also requested an extension of the deadline within which to produce the proposed forensic images "to permit ANZ to receive authorization from the Indian Authorities to produce the forensic images" (doc. 119 at 5; doc. 140 at 3). At the August 20, 2010 hearing, ANZ further suggested that it not be required to produce the proposed forensic images until the end of discovery.

criminal.[2]  In addition, this letter was sent by ANZ itself, not ANZ's counsel, to the

"Asst. Sr. Public Prosecutor" on May 10, 2010, and neither mentions this Court's Order

and the ESI protocol established therein nor correctly identifies the recipient of that

material, namely Stroz Friedberg ("Stroz"), a computer expert required to produce only to

ANZ any "Relevant Data for privilege review" (doc. 113 at 22-23).  Consequently,

ANZ's letter dated May 10, 2010, appears designed to obtain the very denial of

permission it indeed received.

In a subsequent letter sent from ANZ's counsel to the "Senior Public Prosecutor"

dated May 25, 2010, counsel advises that this Court "issued an Order requiring ANZ to

provide a third-party in the United States the hard drive and other electronic storage

devices containing information relating to the pending lawsuit" and then quotes only the

following portion of the Order:

CONCLUSION and ORDER

> For the reasons stated above, it is ORDERED that Bush
> Hog's motion to compel (doc. 89), as essentially amended
> (doc.101), is hereby GRANTED as follows:

---

[2] On July 23, 2010, ANZ filed as its first "Evidentiary Submission in support of  its Reply to its Motion for Guidance" (doc. 139) which included exhibits amounting to 191 pages of documents, 187 pages of which (docs. 139-1 through -16) were never referenced by ANZ in either its reply or oral arguments, contained many pages that had not been translated to English and were thus unintelligible, and included two exhibits (doc. 139-17 and 139-18) which had already been previously attached to ANZ'z original motion (doc. 119-1 and 119-2).  In addition, ANZ filed five additional exhibits of 29 pages as attachments to its actual Reply (doc. 140) filed as well on July 23, 2010, followed up on July 27, 2010, with a "Supplemental Evidentiary Submission" (doc. 141) containing two exhibits of 24 pages, which was then followed up on July 28, 2010, with a "Second Supplemental Evidentiary Submission" (doc. 144) containing eleven more exhibits of 22 pages, and on August 13, 2010, with a third "Supplemental Evidentiary Submission" (doc. 148) containing two further exhibits of 70 pages.

> A. ANZ shall produce for forensic analysis and ESI production any hard drive or other data storage devices used by, and in the possession, custody, or control of, Irfan Sheriff and Rakesh Vashee (the "Responsive Media") and the following protocol shall apply to the forensic analysis of and ESI production from the Responsive Media:
>
> 1. ANZ shall, no later than June 2, 2010, make the Responsive Media available to Stroz Friedberg ("Stroz"), which shall make forensic copies of the Responsive Media and return them to ANZ.

*Id.* at Exh. C (emphasis in original). There is no indication that plaintiff's counsel provided the prosecutor with either the reason the Court directed the production of the "Responsive Media" or the protocol imposed by the Court regarding same. Counsel does, however, suggest to the prosecutor an "accommodation" which would allow ANZ "to forward to the United States forensic images (copies) of all electronically stored information and copies of documents and materials relating to the dispute between ANZ and the defendants Bush Hog and Henry Crown and Company. *Id.* ANZ has yet to receive the permission it contends it must receive from the Indian authorities before it can comply with this Court's Order of May 4, 2010.

Despite ANZ's protestations to the contrary, Bush Hog has proffered competent evidence that Indian law does not prohibit ANZ from complying with this Court's Order to produce the subject hard drives and that, specifically, the Public Prosecutor in India has neither the authority to prohibit ANZ from complying with the Order nor the authority to instruct the Bangalore police to seize such materials. Doc. 123-1 (Affidavit

of Marc Galanter)[3]. ANZ offers no more than a statement from Krishnappa, an Indian

"legal advisor" to ANZ, who purports to have been "practicing law in Bangalore" since

1983, that the Indian Penal Code prohibits "defrauding the state or cheating" and that,

under circumstances involving such alleged conduct:

> 2. … [A] duty is casted upon the police department to initiate a suomoto action or on a written complaint to prosecute the person concern. The moment a FIR is filed the Public prosecutor appointed by the State gets into the picture. The police and public prosecutor are the authorities under the Indian law not only to file the charge sheet but also to prosecute the person concern. No other authority has any power to prosecute any person who has committed an offense against State.
>
> 3. I further submit that, if any thing left out during the period of investigation, the public prosecutor has got full authority and power to direct the police to further investigate the matter and to file additional charge sheet.
>
> 4. I submit that . . . in the case of my client a complaint is pending after filing of the charge sheet and when the case is before a competent court[,] My client is require to handover all the necessary information to the jurisdictional officer (police) hence he cannot hide or part with possession of the material documents.
>
> 5. I further submit that, the senior counsel Sri. Ravi.B.naik is moving the appropriate court to obtain necessary orders in this regard. The so called professor who has said to have given a advice is not competent or well versed with Indian Law. His opinion is of no use and that is without any substance.

---

[3] ANZ does not dispute that Mr. Galanter's knowledge of Indian law has been widely recognized and accepted by judges, lawyers and legal scholars. *See* Doc. 123-1 at 9-10. Nor does ANZ dispute that Mr. Galanter was chosen by the Government of India as its expert witness on the Indian legal system in litigation arising from the 1984 Bhopal Gas Leak Disaster. *Id*.

Doc. 140-4 at 2-3 (Krishnappa Aff. dated June 23, 2010).  Mr. Krishnappa's statement in

no way establishes that Indian law prohibits ANZ from complying with this Court's order

to produce the subject hard drives.

In addition, ANZ acknowledges that the Court's order to produce the subject hard

drives was predicated in part on the conclusion that "ANZ's conduct [namely, the

admitted alteration of a document and lack of forthrightness concerning the timing and

circumstances of that document alteration] casts serious doubt on the authenticity of any

document produced by ANZ from the hard drives of any computers or other data storage

devices used by and/or in the possession, custody or control of, Mr. Sheriff or Mr.

Vashee."  Reply Brief (Doc. 140) at 6-7, *citing* Doc. 113 at 19.  ANZ then asks the

undersigned to "re-evaluate that 'serious doubt'" solely on the grounds originally argued

that the admitted alteration did not involve "anything of substance."  *Id*. at 7.  ANZ has

failed to produce any credible evidence to rebut the Court's original interpretation.

First, ANZ makes no effort to address the evidence presented regarding the timing

of the admitted alterations to the April 18, 2007 email which resulted in the  Order to

produce the hard drives.  Second, ANZ now admits to having created in April of 2009

another critical document, the alleged "Refusal Letter" which it admittedly dated August

27, 2008, and yet proffered at all times during this litigation until July 23, 2010, as a

document created on August 27, 2008.[4]  Third, ANZ also now admits to having created in

_____

[4] ANZ contends that this document was "retyped" by Mr. Sheriff's Secretary/Assistant
Mr. Yahya Khan because "he was unable to find a soft (computer) copy of the Refusal Letter"
and "the original letter was prepared by the Attorneys and was in their office, and he was in a
(Continued)

6

March of 2009 yet another critical document, the alleged "July 28-29 Meeting Minutes" which ANZ claims were "disseminated by Irfan Sheriff by email to all attending the meeting from his hotel in Selma on July 29 or July 30, 2008 as he stayed behind after the meeting."[5] Reply Brief (Doc. 140) at 20. Although ANZ again argues that Mr. Sheriff's assistant merely "retyped the Minutes," ANZ does not actually assert that Mr. Khan simply copied the minutes that were otherwise on file. Consequently, ANZ cannot seriously contend that the subject minutes were merely "re-typed" and not "created" in March of 2009, particularly since Bush Hog has established that certain items in the "Minutes" were neither in Mr. Vashee's notes or located on the referenced whiteboard (doc. 139-25). In addition, as was true with respect to the "Refusal Letter", ANZ proffered these "Minutes" at all times during this litigation until July 23, 2010, as being a document created prior to July 29 or July 30, 2008, and not as a document reconstructed in March of 2009.

In light of the above, and for all the reasons previously set forth in detail in this Court's Order of May 4, 2010 (doc. 113), the Court finds that ANZ's conduct continues

---

hurry and did not have a scanner at home." Reply Brief (Doc. 140) at 11. ANZ further contends that "Khan re-typed the letter that was on file and had it sent to Rakesh Vashee , [who had "departed India for an April 2, 2009 meeting in Toledo, Ohio on 28 or 29 March 2008 [sic]" and] who attached his signature and converted it to a PDF document [and] [t]his PDF document was then sent to ANZ's Counsel in the USA . . .(whose office was the location for the April 2, 2009 settlement meeting)." *Id*.

[5] According to ANZ, Mr. Sheriff spilled a can of coke on his laptop in February or March of 2009 which damaged the keyboard and hard drive. Reply Brief (Doc. 140) at 21. ANZ then claims that Mr. Sheriff again turned to his assistant, Mr. Khan, "who re-typed the Minutes from Rakesh Vashee's notes and options presented on the whiteboard." *Id.*

to cast serious doubt on the authenticity of any document produced by ANZ. Accordingly, Bush Hog is clearly entitled to obtain a forensic analysis of any hard drive or other data storage devices used by, and in the possession, custody, or control of, Irfan Sheriff and Rakesh Vashee (the "Responsive Media"). It is therefore **ORDERED** that ANZ's motion to modify the May 4, 2010 Order (doc. 119) is hereby **DENIED**. It is **FURTHER ORDERED** that ANZ shall, **no later than** <u>September 30, 2010</u>, make the Responsive Media available to Stroz Friedberg ("Stroz") which shall immediately make forensic copies of the Responsive Media and return them to ANZ. All remaining requirements of the May 4, 2010 Order (doc. 113) is incorporated herein by reference and are to be complied with by ANZ.

II.    <u>Bush Hog's Motion For Issuance of a Rule to Show Cause (doc. 122).</u>

Bush Hog, LLC and Henry Crown and Company (collectively "Bush Hog") seek to have this Court issue a "Rule to Show Cause Why this Case Should Not be Dismissed" based on the alleged misconduct of ANZ, including the falsification of the "August 27, 2008 Refusal Letter," the "July 28-29, 2008 Meeting Minutes," and the "July 30, 2008 Email" ; the suspected falsification of "Canara Bank Letters"; misrepresentations in discovery and ESI pleadings; and misrepresentations to evade the Court's May 4, 2010 ESI Order. In view of the above decision concerning the required production of the aforementioned Responsive Media for forensic analysis by Stroz, it is **ORDERED** that further consideration of Bush Hog's motion for a rule to show cause is hereby **STAYED** until further order of the Court.

8

III.    Unopposed Motion to Vacate Impending Deadline (doc. 137).

In view of the above, it is **ORDERED** that Bush Hog's unopposed motion is hereby **GRANTED** to the extent that all remaining deadlines presently set forth in the Rule 16(b) Scheduling Order entered on September 29, 2009 (doc. 58) are hereby **VACATED**.  A new scheduling order shall not be entered until the aforementioned forensic analysis of the Responsive Media is completed.  It is **FURTHER ORDERED** that, with the exception of the production of the Responsive Media and forensic analysis ordered herein and the discovery sought in the Requests for International Assistance pursuant to the Hague Convention  issued on July 9, 2010 (docs. 132 – 136), all other proceedings are hereby **STAYED** pending further order of this Court.

IV.    Bush Hog's Motion for Limited Protective Order (doc. 153).

Bush Hog seeks a limited protective order precluding ANZ from taking the depositions of Dennis Webster, Matt Mikesell, Rusty Hayes and Duane Prentics until further order of the Court.   Upon consideration of this request, the parties' agreement that deposition discovery would not begin until substantially all documents were produced and reviewed (doc. 153-4), the need to proceed with the forensic analysis discussed above and the stay of imposed above, it is **ORDERED** that Bush Hog's motion is hereby  declared **MOOT**.

Done this 9$\underline{^{th}}$ day of September, 2010.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE