IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANZ ADVANCED TECHNOLOGIES, LLC <br> d/b/a ANZ USA, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUSH HOG, LLC, et al., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 09-00228-KD-N <br> ) <br> ) <br> ) <br> ) |

ORDER

On May 4, 2011, two matters were filed with the Court: (1) a request (doc. 194), made pursuant to Local Rule 83.5(h) of this Court[1], by Scott Michael Speagle and the firm of Webster, Henry, Lyons, White, Bradwell and Black, P.C. for leave to withdraw as counsel for the plaintiffs, ANZ International and ANZ USA (collectively "ANZ"); and (2) Attorney Speagle's motion (doc. 195) to either strike certain arguments in defendants' reply brief (doc. 193) or permit him to file a Surreply Brief.[2] On May 5, 2011, Attorney

---

[1] Local Rule 83.5(h) provides:

  **(h) Duration of Representation.** Unless disbarred or suspended, attorneys shall be held at all times to represent the parties for whom they appear of record in the first instance until, after formal motion and notice to such parties and to opposing counsel, they are permitted to withdraw from such representation. The court may, however, permit withdrawal without formal motion and notice, if other counsel has entered his or her appearance for the party.

[2] The arguments at issue relate to the defendants' motion for sanctions (doc. 182) and reply (doc. 192), which have now been referred to the undersigned for a recommendation.

M. Ali Zakaria filed a similar motion (doc. 196) to either strike certain argument's in defendants' reply brief (doc. 193) or permit him to file a Surreply Brief.

Upon consideration of these matters, it is **ORDERED** as follows:

1. The request of Attorney Speagle and his firm to withdraw (doc. 194) is **DENIED**, at this time. This request, and its certificate of service, contains no indication that Mr. Speagle or any other member of his firm have notified either his client or co-counsel, M. Ali Zakaria, regarding their intent to withdraw at this juncture. Consequently, it appears that Mr. Speagle and his firm are relying on that portion of Local Rule 83.5(h) which authorizes the court, in its discretion, to "permit withdrawal without formal motion and notice, if other counsel has entered his or her appearance for the party." However, Mr. Zakaria has made it clear to the Court that his role has been limited from the outset to one in the nature of a mere liaison between ANZ and its lead counsel. Specifically, in response (doc. 129) to the Court's Order of June 22, 2010 (doc. 127), Mr. Zakaria unequivocally stated that:

> [My] role in this litigation has been limited to acting as the advisor to Plaintiffs and explaining the nuances of the US legal system based on the legal services provided by Robert Bradford and Royal Dumas, who have acted as the lead counsels. [I] will not be taking the role of the lead counsel.

(Doc. 129 at 2). Mr. Zakaria reasserted this position recently in his opposition to defendants' motion for sanctions (doc. 191):

> From the inception of this lawsuit, [I] relied on lead counsel Robert Bradford of Hill, Hill & Carter, and then Scott Speagle of Webster & Henry to draft and file all pleadings and motions with court, review discovery requests from Defendants, prepare Plaintiff"s discovery requests, request documents from ANZ in order to prepare responses to Defendant"s requests for discovery, review documents and information submitted by

> ANZ that was responsive to Defendant's discovery requests, review the availability of such responsive documents and information, and then prepare and file with the court appropriate objections, responses and briefs to discovery disputes.
> [I] *assisted the lead counsels with client communications* and explained to ANZ the nuances of the U.S. laws and justice system. This *limited role* of the undersigned however does not mean that at any time the undersigned counsel believed that ANZ principals had altered documents or had failed to provide computer hard drives to Defendants intentionally.

(Doc. 191 at 7, emphasis added). In view of his limited role throughout this litigation, it is at best questionable that Mr. Zakaria has appeared for ANZ within the meaning of Local Rule 83.5(h). Inasmuch as the ANZ corporations are considered artificial entities which cannot appear in federal court *pro se*, the withdrawal of Mr. Speagle and his firm would leave the plaintiffs essentially unrepresented. *See e.g.*, Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."), *cert. denied*, 474 U.S. 1058 (1986); Streeter v. Office of Douglas R. Burgess, LLC, 2008 WL 508456 (M.D. Ala. 2008) (holding while the individual defendant could proceed pro se, the limited liability company was required to have representation by counsel). Consequently, the request for withdrawal must be denied.

2. Mr. Speagle's motion to strike (doc. 195) is **DENIED**. However, Mr. Speagle's alternative motion for leave to file a "Surreply" to defendants' reply (doc. 192) is **GRANTED provided** that such Surreply brief is limited to the alleged "arguments raised for the first time in [defendants'] Reply" and is filed **no later than May 17, 2011**.

3. Mr. Zakaria's motion to strike (doc. 196) is **DENIED**. However, Mr. Zakaria's alternative motion for leave to file a "Surreply" to defendants' reply (doc. 192) is **GRANTED <u>provided</u>** that such Surreply brief is limited to the alleged "arguments raised for the first time in [defendants'] Reply" and is filed **no later than <u>May 17, 2011</u>**.

4. The request of Mr. Speagle and Mr. Zakaria for oral arguments will be addressed when the issues have been fully briefed by the parties.

**Done** this 6th day of May, 2011.

<u>/s/ Katherine P. Nelson</u>
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE